UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

BILL SNIDER,                        )
                                    )
    Petitioner,                   )
                                    )
v.                                  )     CAUSE NO.: 3:16-CV-149-TLS
                                    )
SUPERINTENDENT,                     )
                                    )
    Respondent.                   )

**OPINION AND ORDER**

Bill Snider, a pro se prisoner, filed a Motion to Reconsider [ECF No. 24]. Snider asks the Court to reconsider its Order [ECF No. 21] denying his Habeas Corpus Petition [ECF No. 1] challenging his conviction and 60-year sentence for child molestation.

On April 13, 2017, the Court found that the claims in Snider's Petition were procedurally defaulted. In his Motion to Reconsider, Snider claims actual innocence by arguing that the evidence presented at trial was insufficient to have proven that his victim was under the age of 14. Snider raised this argument in his Petition, which the Court rejected. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments . . . ." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996).

Nevertheless, as the Court previously explained, while actual innocence can excuse procedural default, a petitioner who asserts actual innocence "must demonstrate innocence; the burden is his, not the state's . . . ." *Buie v. McAdory*, 341 F.3d 623, 626–27 (7th Cir. 2003). To do so, he must come forward "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Snider did not, and still does not, provide any new evidence. Thus, he has not demonstrated actual innocence.

Instead, he again argues that there was insufficient evidence presented at trial to convict him of child molestation. Although sufficiency of the evidence is not an argument that can lead to an actual innocence finding, the Court will nevertheless address it. Though Snider argues that there was no evidence presented during his trial which demonstrated that his victim was under 14, that is not true. The Indiana Court of Appeals found:

> In 2001, Snider was renting a room in J.K.'s three bedroom house in South Bend, Indiana. J.K. also rented out a room to F.L. and F.L.'s minor daughter, B.A., born on July 19, 1989. During that time, J.K. resided with her daughter, M.W., and M.W.'s minor daughter, M.C., born on September 2, 1987. The record shows that M.W. and M.C. moved out of J.K.'s house but would frequently visit. For the times that M.C. was at J.K.'s house for a visit, she would spend time with B.A., and they became friends.
>
> According to M.W., in the spring of 2001, whenever she and M.C. visited J.K. in her Sound (sic) Bend home, she observed B.A. spending a significant amount of time in Snider's room, both with the door open and closed. M.C. would often join B.A. and Snider in the room, but M.W. made sure the door was open at all times. In the summer of 2001, B.A.'s and M.C.'s relationship with Snider became sexual. Snider kissed B.A. and he also began touching her breasts and vagina, both over and under her clothes. Snider also performed oral sex on B.A., and B.A. discovered that Snider was not circumcised. These events partly occurred in Snider's room, and in R.M.'s—Snider's girlfriend—apartment in Mishawaka, Indiana. M.C. was often present when these events occurred. On one afternoon in his room at J.K.'s house, Snider performed oral sex on M.C. in front of B.A. In addition, M.C. performed oral sex on Snider after watching Snider perform oral sex on B.A. M.C. also fondled Snider's penis until he ejaculated. When B.A. left the room, Snider threatened to kill M.C. if she disclosed to anyone what had transpired.
>
> After a 4th of July party at R.M.'s apartment, R.M. observed Snider kiss B.A. and also slap B.A. on her buttocks. R.M. informed Snider that she had seen him, and she reprimanded him for his inappropriate conduct with B.A. Snider responded by stating that it had been ongoing. On another occasion that summer, B.A. and M.C. went to R.M.'s apartment. R.M., at Snider's directive, instructed B.A. and M.C. to put on lingerie. Once the girls were dressed, Snider performed oral sex on B.A. Snider then asked R.M. to perform oral sex on him, which she did. Snider also performed oral sex on M.C. Snider then asked B.A. to have intercourse, but B.A. refused. At some point, M.C. became uncomfortable and she tried calling for a ride home. Both Snider and R.M. seized the phone from M.C. and hid it. M.C. spent the night at R.M.'s apartment.

> In the fall of 2001, B.A. moved to Elkhart, Indiana but soon returned to South Bend and her sexual relationship with Snider resumed. Snider continued to engage in oral sex with B.A. and Snider promised B.A. that he was going to marry her. In April of 2002, B.A. confided in F.L. about being molested by Snider. As a concerned mother, F.L. called M.W. and advised her to talk to M.C. When M.W. questioned M.C., M.C. began crying and said, "I don't want to tell you." The following day, M.W. contacted police.

*Snider v. State*, No. 71D02-0511-PC-42, slip op. at *2–4 (Ind. Ct. App. Sept. 15, 2015).

The court of appeals' factual findings were not unreasonable. The evidence revealed that the victim's birth date was September 2, 1987. (Trial Tr. 433). Thus, she did not reach her fourteenth birthday until September 2, 2001. During the trial, there were numerous references to the fact that the victim had sexual relations with Snider throughout the Spring and Summer of 2001. (*Id.* 66–76, 512–26, 566–71.) Though the dates were not precise, they did not have to be. *Barger v. State*, 587 N.E.2d 1304, 1306–07 (Ind. 1992). This is evidence that some of the molestation took place before the victim turned fourteen years of age. Thus, this evidence was sufficient for a jury to conclude that the victim was thirteen years old when the child molesting occurred.

As a final matter, the documents Snider provided in the "Appellant's Appendix of Evidence to Support the Appeal Brief," further solidify this Court's conclusion that Snider is not actually innocent of child molestation. Though the jury did not consider these documents—and this Court does not consider them regarding whether there was sufficient evidence to support his conviction—the South Bend Police Department's investigative report and the prosecutor's sworn affidavit both reveal that Snider started molesting the victim when she was 13 years of age and continued to do so past her fourteenth birthday. This evidence further solidifies this Court's confidence in the outcome of the trial court that no miscarriage of justice occurred. *See Schlup*,

3

513 U.S. at 324 (habeas petitioner must prove that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime.").

For these reasons, the Motion to Reconsider [ECF No. 24] is **DENIED**.

SO ORDERED on July 17, 2017.

/s Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT