UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BILL SNIDER,

    Petitioner,

    v.      CAUSE NO.: 3:16-CV-149-TLS

SUPERINTENDENT,

    Respondent.

## OPINION AND ORDER

This matter is before the Court on Fed. R. Civ. P. Rule 60 Motion for Relief from Judgment Due to Fraud, Misconduct & Error [ECF No. 29], filed on September 11, 2023. Bill Snider, a prisoner without a lawyer, filed the motion pursuant to Federal Rules of Civil Procedure Rule 60(a), 60(b)(1), 60(b)(3), and 60(d)(3) asking the Court to set aside the judgment entered in this habeas corpus case more than six years ago. Snider was convicted of four counts of child molestation and sentenced to sixty years by the St. Joseph Superior Court. *Snider v. State*, 40 N.E.3d 530 (Ind. Ct. App. 2015) (table). His habeas corpus petition was dismissed because his claims were procedurally defaulted. *See* ECF No. 21. All of Snider's arguments in this motion are based on his assertion that one of his child victims was older than thirteen at the time he sexually molested her.

First, under Rule 60(a) the Court may correct clerical mistakes at any time. "Thus if the flaw lies in the translation of the original meaning to the judgment, then Rule 60(a) allows a correction; but if the judgment captures the original meaning but is infected by error, then the parties must seek another source of authority to correct the mistake." *Shuffle Tech Int'l, LLC v.*

*Wolff Gaming, Inc.*, 757 F.3d 708, 710 (7th Cir. 2014) (quotation marks, brackets, and citation omitted).

> A District Court is not limited under Rule 60(a) to the correction of clerical mistakes arising from oversight or omission. Rather, a district court may also invoke Rule 60(a) to resolve an ambiguity in its original order to more clearly reflect its contemporaneous intent and ensure that the court's purpose is fully implemented. A district court is not permitted, however, to clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect. Rather, the interpretation must reflect the contemporaneous intent of the district court as evidenced by the record.

*Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992) (citations omitted). Here, as Snider's argument makes clear, the age of his child victim was not a clerical mistake made by this Court. Nor was it an ambiguity. This Court's references to the child's age were accurate references to his arguments and the State court record. *See* ECF No. 21. No relief is possible under Rule 60(a).

Second, Rule 60(b)(1) provides that, "the court may relieve a party . . . from a final judgment . . . for . . . mistake, inadvertence, surprise, or excusable neglect . . . ." Rule 60(b)(3) provides that, "the court may relieve a party . . . from a final judgment . . . for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . ." However, Rule 60(c) requires that both Rule 60(b)(1) and 60(b)(3) motions be filed within one year of the entry of the order. Because this motion was not filed until more than six years after this case was dismissed, relief cannot be granted under Rule 60(b)(1) or 60(b)(3). Here, Snider did not ask to enlarge the one-year deadline, but if he had, the request would have been denied because it cannot be extended. *See In re Cook Med.*, 27 F.4th 539, 543 (7th Cir. 2022) (explaining that Rule 60(c)'s one-year deadline is not jurisdictional but is a mandatory claims-processing rule that must be enforced).

Also, Snider did not seek relief under Rule 60(b)(6), but it is not applicable either. Rule 60(b)(6) allows the Court to set aside an order for "any other reason that justifies relief," but the

2

reason for such relief must be *some other reason*—different than those outlined in 60(b)(1)–(5). *See id*. (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993)).

Third, Rule 60(d)(3) explains that Rule 60 does not prevent a court from setting aside a judgment "for fraud on the court." The term "fraud on the court" is distinct from the "fraud" mentioned in Rule 60(c)(3):

> The term fraud on the court is not defined in Rule 60 or elsewhere in the federal rules, and the definition most often offered by the courts (including our own)—that it consists of acts that defile the court—though vivid, doesn't advance the ball very far. [The] full definition advances it a little farther: that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court i.e., lawyers so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases.
>
> The problem of definition arises from the fact that a motion to set aside a judgment on the ground of fraud on the court has no deadline. It must therefore be defined narrowly lest it become an open sesame to collateral attacks, unlimited as to the time within which they can be made . . .. The question is, how narrowly? To answer this question we need to consider what kind of fraud ought to be a ground for setting aside a judgment perhaps many years after it was entered. The answer is the kind of fraud that ordinarily couldn't be discovered, despite diligent inquiry, within a year, and in some cases within many years—cases in which there are no grounds for suspicion and the fraud comes to light serendipitously.

*In re Golf 255, Inc.*, 652 F.3d 806, 809 (7th Cir. 2011) (quotation marks, brackets, and citations omitted). Such is not the case here.

Snider has known about his child victim's age for more than twenty years. He has repeatedly challenged whether she was older than thirteen at the time he sexually molested her. "In direct appeal, *Snider v. State* 823 N.E.2d 336 (Ind. Ct. App. 2005), Snider contended that: (1) there was insufficient evidence to convict him on all charges since the State had failed to present evidence that B.A. was under fourteen years of age; and [the court] found that the State had established during trial that B.A. was thirteen years old when all the molestations took place."

*Snider v. State*, 40 N.E.3d 530, *9 (Ind. Ct. App. 2015) (table). Snider argues the prosecutor fraudulently misstated the victim's age, but her age was a fact that could be discovered. It was neither a fact Snider had reason to suspect was inaccurate nor one that he recently and serendipitously discovered. Her age was an issue during his trial, and he has attempted to re-litigate it ever since. The prosecutor's statement that the child victim was thirteen was not a fraud on the court. Rule 60(d)(3) does not provide a basis for reopening this case.

For these reasons, the Court hereby DENIES the Fed. R. Civ. P. Rule 60 Motion for Relief from Judgment Due to Fraud, Misconduct & Error [ECF No. 29].

SO ORDERED on September 15, 2023.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT
